# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TATYANA EVGENIEVNA DREVALEVA,

      Plaintiff,

v.                                      No. 1:23-cv-00635-LF

WILLIAM P. JOHNSON,
U.S. DEPARTMENT OF VETERANS AFFAIRS, and
DENIS RICHARD MCDONOUGH, in his official capacity as
Secretary of the U.S. Department of Veterans Affairs,

      Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE, ORDER FOR AMENDED COMPLAINT AND NOTICE REGARDING COMPLIANCE WITH ORDERS AND RULES

Plaintiff, who is proceeding *pro se*, filed an employment discrimination lawsuit against her former employer and several defendants in the United States District Court for the Northern District of California which was later transferred to this Court. *See Drevaleva v. U.S. Department of Veterans Affairs*, No. 1:21-cv-00761-WJ-JFR ("*Drevaleva I*"). Chief United States District Judge William P. Johnson dismissed *Drevaleva I* with prejudice as a sanction for Plaintiff not following the Court's Orders and rules. *See* Doc. 526, filed November 2, 2021, in *Drevaleva I* (noting that the Northern District of California, where Plaintiff initially filed her lawsuit, declared Plaintiff a "vexatious litigant" before transferring the case to the District of New Mexico and describing Plaintiff's continued submission of frivolous, irrelevant and non-compliant documents). One month later, Chief Judge Johnson imposed filing restrictions on Plaintiff. *See* Doc. 564 at 9, filed December 2, 2021, in *Drevaleva I* (stating "The Clerk of Court shall not accept any further filings by Plaintiff in this case other than those filings that are necessary to perfect her appeal"). The United States Court of Appeals for the Tenth Circuit affirmed the Court's dismissal

of *Drevaleva I*. *See* Doc. 577, filed September 2, 2022, in *Drevaleva I*. The Supreme Court of the United States denied Plaintiff's petition for writ of certiorari. *See* Doc. 579, filed June 20, 2023, in *Drevaleva I*.

Plaintiff has now filed a 48-page Complaint with 191 pages of attached documents. *See* Doc. 1, filed July 27, 2023. Plaintiff seeks the following: (i) "a writ of mandate to compel [Chief United States District Judge William P. Johnson] to vacate his fraudulent November 02, 2021 Judgment in ["*Drevaleva I*"];" (ii) relief from the judgment in *Drevaleva I* through an independent action pursuant to Fed. R. Civ. P. 60(d); and (iii) "to recuse Judge Johnson from judging my lawsuit ["*Drevaleva I*"]." Complaint at 3, 47-48.

**Chief United States District Judge William P. Johnson is not a Proper Defendant**

Plaintiff seeks a writ of mandamus, pursuant to 28 U.S.C. 1361, compelling Chief Judge Johnson to vacate the judgment in *Drevaleva I*. *See* Complaint at 3. Plaintiff's claim pursuant to Section 1361 should be dismissed for lack of jurisdiction. *See Trackwell v. U.S. Government*, 472 F.3d 1242, (10th Cir. 2007) ("we hold that the mandamus statute relied upon by [plaintiff], 28 U.S.C. § 1361, does not apply to courts or to court clerks performing judicial functions").

Chief Judge Johnson is not a proper party for an independent action pursuant to Rule 60(d) relief because he was not a party in *Drevaleva I*. Rule 60(d) provides:

This rule does not limit a court's power to:

**(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;

**(2)** grant relief under 28 U.S.C. § 1655 [Lien enforcement; absent defendants] to a defendant who was not personally notified of the action; or

**(3)** set aside a judgment for fraud on the court.

Fed.. R. Civ. P. 60(d).

Rule 60 does not provide an opportunity to assert new claims. *See* 12 Moore's Federal Practice – Civil § 60.80 ("no new right of action is created by [Rule 60(d)(1)]; rather, the rule merely preserves the existence of 'a procedural remedy ... by a new or independent action to set aside a judgment ... according to traditional principles of equity'").

The Court orders Plaintiff to show cause why the Court should not dismiss the claims against Chief Judge Johnson.

**Recusal of Chief United States District Judge William P. Johnson**

It is not clear from the Complaint whether Plaintiff seeks Chief Judge Johnson's recusal in this case, in *Drevaleva I*, or both. If Plaintiff is seeking Chief Judge Johnson's recusal in this case, her request is premature because Chief Judge Johnson has not been assigned to this case. If Plaintiff is seeking Chief Judge Johnson's recusal in *Drevaleva I*, her request is moot because the final judgment entered in *Drevaleva I* has been affirmed by the Court of Appeals for the Tenth Circuit and the Supreme Court of the United States has denied Plaintiff's petition for a writ of certiorari.

**Failure to State a Claim**

Plaintiff brings this action for an independent action pursuant to Rule 60(d). *See* Complaint at 3.

> Rule 60 contains a saving clause that provides that the rule "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed.R.Civ.P. 60(d). The Supreme Court has explained that "an independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). To prevent the Rule 60 restrictions from "be[ing] set at naught," independent actions must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Id.* (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). Thus, we have noted that the independent-action clause provides only a "narrow avenue." *Buck,* 281 F.3d at 1341.

3

*Sindar v. Garden*, 284 Fed.Appx. 591, 596-97 (10th Cir. 2008).

Plaintiff states she is filing this independent action for relief from the judgment in *Drevaleva I* because Chief Judge Johnson did not grant her permission to file electronically and ordered the Clerk to not accept any further filings in *Drevaleva I* other than those filings that are necessary to perfect her appeal.  Complaint at 6-7.  Plaintiff also asserts that in September 2022, which is when the Tenth Circuit Court of Appeals issued its mandate affirming the dismissal of *Drevaleva I*, she "incidentally discovered" that Defendant United States was not properly served while *Drevaleva I* was pending in the Northern District of California.  Complaint at 7-8.

Although Plaintiff attached 191 pages of documents to her Complaint, the Court cannot comb through the attached documents to determine whether Plaintiff can state a claim upon which relief can be granted.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

The filing restrictions and the allegedly improper service on Defendant United States in *Drevaleva I* do not satisfy the "demanding standard" for relief through an independent action. *United States v. Beggerly*, 524 U.S. 38, 47 (1998).  The Court orders Plaintiff to show cause why the Court should not dismiss this independent action.

**Amended Complaint**

The Court has an affirmative duty to ensure that this case "is resolved not only fairly, but also without undue cost or delay."   Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.  Plaintiff shares that responsibility.  *See* Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022) ("Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.   It is a *pro se* litigant's

4

responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico*").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The 48-page Amended Complaint, which has 191 pages of documents attached, is not a "short and plain statement" under Rule 8. Several of the allegations are quotations of legal definitions, legal standards and cases which are not necessary to state a claim. *See* Complaint at 14-15, 35-36, 40-47. Unnecessary allegations will cause Defendants and the Court to needlessly expend valuable resources. The Court orders Plaintiff to file an amended complaint which does not exceed 25 pages.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**Notice regarding Compliance with Orders and Rules**

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions, dismissal of this case and imprisonment.  *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court"); 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . Disobedience or resistance to its lawful writ, process, order, rule, decree, or command").

**IT IS ORDERED** that:

(i)     Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss: (i) the claims against Defendant William P. Johnson; (ii) this independent action.   Plaintiff's response to the Order to Show Cause shall not exceed 25 pages. Failure to timely show cause may result in dismissal of this case.

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint not exceeding 25 pages.   Failure to timely file an amended complaint may result in dismissal of this case.


_____
**UNITED STATES MAGISTRATE JUDGE**